CHARLOTTE ZEISLER, PLAINTIFF-RESPONDENT, v. INTER-
STATE BUILDING AND LOAN ASSOCIATION, A CORPO-
RATION, DEFENDANT-APPELLANT.

Argued February 7, 1940—Decided May 2, 1940.

For the appellant, *Philip Klein.*

For the respondent, *Nathan H. Berger.*

The opinion of the court was delivered by

PERSKIE, J.   The determinative issue requiring decision
in this cause is whether, under the proper proofs exhibited,
the trial judge erroneously submitted to the jury for its deter-
mination the question as to whether plaintiff was a share-
holder or creditor of the defendant building and loan asso-
ciation.

Appellant, defendant below, appeals from a judgment of
the Supreme Court in the sum of $13,356.56 in favor of
respondent, plaintiff below.   The judgment is based upon a
jury verdict which was moulded by the trial judge in the
circumstances and in the manner hereinafter more particu-
larly set forth.

A brief statement of the several correlated transactions
between the parties, embraced in the final transaction as a

result of which defendant executed and delivered its promissory note of $12,700 to plaintiff, and upon which plaintiff here sued defendant, will lay bare the circumstances giving rise to the stated question requiring decision.

Defendant association was dissolved the latter part of 1936 or the early part of 1937 and is now in the process of liquidation. *R. S.* 17:12-81.

In the latter part of 1929 defendant was hard pressed to meet its obligations. Pursuant to authority it sold some of its securities and otherwise sought and obtained money from plaintiff and others.

On December 9th, 1930, defendant obtained the sum of $5,900 from plaintiff and in turn executed, issued and delivered to her fifty-nine "Income" shares (*Pamph. L.* 1925, *ch.* 65, *p.* 222, § 73, as amended by *Pamph. L.* 1932, *ch.* 91, *p.* 160, § 1; *Pamph. L.* 1935, *ch.* 59, *p.* 160, § 16, now *R. S.* 17:12-47), as evidenced by its certificate No. 196.

On April 8th, 1931, defendant obtained the sum of $800 from plaintiff and in turn executed, issued and delivered to her eight "Income" shares as evidenced by its certificate No. 198.

On June 24th, 1931, defendant obtained the sum of $1,200 from Nathan Berger, its solicitor and plaintiff's son-in-law, and in turn executed, issued and delivered to him twelve "Income" shares as evidenced by its certificate No. 204. Thereafter, Berger assigned this certificate to plaintiff.

On October 17th, 1932, plaintiff demanded payment of the $6,700 which she had advanced to defendant. In pursuance of authority and approval of Berger, its solicitor, defendant executed and delivered to plaintiff its promissory note in the amount of $6,700 payable one year from date, with interest at the rate of five (5%) per centum per annum. *Cf. Pamph. L.* 1925, *ch.* 65, *p.* 196, § 20, as amended by *Pamph. L.* 1929, *ch.* 274, *p.* 656, § 1; *Pamph. L.* 1932, *ch.* 16, *p.* 28, § 1; *Pamph. L.* 1932, *ch.* 96, *p.* 166, § 1; *Pamph. L.* 1933, *ch.* 54, *p.* 104, § 1, now *R. S.* 17:12-11. Plaintiff in turn surrendered and defendant accepted its certificates Nos. 196 and 198.

On November 4th, 1934, plaintiff demanded the payment

of the $1,200 advanced by Berger and assigned to her. Defendant executed and delivered to plaintiff its promissory note in the sum of $1,200. It was antedated June 24th, 1931, made payable on demand, and bears interest at the rate of six (6%) per centum per annum. Plaintiff in turn surrendered and defendants accepted its certificate No. 204.

Upon four other occasions plaintiff advanced money ($4,800 in all) to defendant. These advances were made on the dates and in the manner following: November 10th, 1930, $1,500; December 21st, 1931, $1,500; April 5th, 1933, $1,600, and on April 11th, 1932, $400. Each stated advance was evidenced by a note of defendant bearing date of the advance, made payable on demand, and bearing interest at the rate of six (6%) per centum per annum.

Lastly, on September 15th, 1936, plaintiff surrendered to defendant each of its six notes, as aforesaid, and in exchange therefor defendant executed and delivered to plaintiff its note in the sum of $12,700. It was dated September 15th, 1936, made payable one year from its date and bears interest at the rate of five (5%) per centum per annum. It is upon this note of $12,700 that plaintiff sued defendant in this case.

Without hereafter detailing the various pleadings filed by the respective parties, it will suffice if we state in substance the respective positions taken.

Defendant conceded that the advances made by plaintiff to it, amounting to $4,800, were in fact loans. It admitted its liability to plaintiff as its creditor for that amount. As to the remaining $7,900, it denied liability. That denial was rested upon the basic premise that this amount was not advanced to it as a loan but rather in payment of the purchase price of the seventy-nine "Income" shares which it had issued for the $7,900 advanced to it.

Defendant further denied liability upon the ground that the notes issued for the $7,900 in exchange for its certificates Nos. 196, 198 and 204, were improperly or illegally issued because its "Income" shares could only be matured or withdrawn in the manner prescribed by statute. *Pamph. L.* 1925, *ch.* 65, *p.* 212, § 52, as amended by *Pamph. L.* 1932, *ch.* 102, *p.* 175, § 1; *Pamph. L.* 1935, *ch.* 59, *p.* 153, § 11; *Pamph. L.* 1936, *ch.* 118, *p.* 295, § 4, now *R. S.* 17:12-53 *et seq.*

Additionally, defendant claimed the sum of $1,657.50 by way of a counter-claim. This sum represents interest allegedly improperly paid to plaintiff, from March 27th, 1933, to March 27th, 1937, on the $6,700 and $1,200 notes held by her.

Plaintiff took the position that the moneys sued for represented loans which she made to defendant and that the seventy-nine "Income" shares were merely issued as additional collateral for these loans.

Thus the issue was sharply drawn. Was the advance of $7,900 by plaintiff to defendant a loan or was it merely in payment for the seventy-nine "Income" shares? Plaintiff offered proof in support of her claim that the note of $12,700 represented loans of money in like amount which she made to defendant and which was not paid. On the other hand, defendant offered proof in support of its stated defenses. Motions to nonsuit and to direct a verdict were denied and the cause submitted to the jury with a clear, fair, comprehensive and accurate charge by the learned trial judge. The jury returned the following verdict: "We find that all the moneys turned in were loans except the amount deposited for certificate No. 204."

The trial judge, on motion, moulded the verdict so as to permit recovery by the plaintiff of the entire amount sued for, $12,700, less the amount of $1,200 represented by certificate No. 204, or $11,500 with interest at five per cent. from September 15th, 1936, amounting to $1,756.54, or a total of $13,256.54, which amount plus the costs of $100.02 in the Supreme Court totals $13,356.56. It is from the judgment entered upon the verdict so moulded that defendant has appealed.

This case was before us as a companion case to *Berger* v. *Interstate Building and Loan Association*, 121 *N. J. L.* 507; 3 *Atl. Rep.* (2d) 562, at the October term, 1938. In that case plaintiff appealed from the judgment of the Supreme Court based upon an order striking her amended reply to defendant's amended answer and counter-claim. Counsel agreed that our disposition of the Berger case should be dispositive of the instant case. While in reversing the judgment for the defendant in the Berger case, we did not "conclusively deter-

mine the nature of the original transactions," we did pass upon the legal sufficiency of the claim as set forth in the pleadings. In this respect, therefore, the holding in the Berger case is controlling here, and it remains for us now to determine whether the trial judge, as claimed, erroneously submitted to the jury for its consideration the proofs adduced by the parties in support of their respective claims. We do not think so.

We have carefully examined the conflicting proofs adduced and are entirely satisfied that it was open to the jury to find, as it did, that the transactions out of which came certificates Nos. 196 and 198 were loans with the "Income" shares issued as collateral and not as outright purchases of the "Income" shares by the plaintiff.

Here, as in the Berger case, we are not, under the circumstances, required to pass upon the question as to whether defendant could legally issue stock as collateral for its loans from plaintiff. Here, as in the Berger case, the certificates were recalled and canceled and are not the subject-matter of this suit. Here, as in the Berger case, the question was whether plaintiff was entitled to recover independently of the certificates.

We are entirely satisfied moreover that there was no reversible error in denying the defendant's motions to nonsuit and to direct a verdict, or in the admission or exclusion of testimony, or in the court's charge, or in the moulding of the verdict, or otherwise.

Accordingly, the judgment is affirmed, without costs.

*For affirmance*—CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE. 2.